**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

THE KILI/BIKINI/EJIT LOCAL GOVERNMENT COUNCIL, on behalf of THE PEOPLE OF BIKINI, TOMMY JIBOK, RODNEY LEWIS, HEMRI LAJDRIK, and SENATOR JESS GASPER, JR. IN THEIR INDIVIDUAL CAPACITIES AS INTENDED BENEFICIARIES OF THE TRUTSTS AT ISSUE,

    Plaintiffs,

  v.

ARDEN TRUST COMPANY, a Delaware corporation,

    Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff,

  v.

THE KILI/BIKINI/EJIT LOCAL GOVERNMENT COUNCIL,

    Counterclaim-Defendant,

  v.

FIFTH THIRD BANK, N.A., successor by merger to COMERICA BANK & TRUST, N.A., as trustee of the Bikini Claims Trust Fund Agreement,

    Third-Party Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 2024-0866-NAC

## ORDER REGARDING DEFENDANT'S MOTION TO COMPEL AND THIRD-PARTY DEFENDANT'S MOTION TO STAY

WHEREAS:

1. In August 2024, Plaintiffs filed this action alleging that Defendant Arden Trust Company ("Arden") breached the terms of two trusts established by

Congress for the benefit of the people of Bikini Atoll and breached its fiduciary duties as trustee ("Liability Claims").[1]  After Plaintiffs amended their Complaint, Arden filed an Answer, Verified Counterclaim, and Third-Party Complaint against Third-Party Defendant Fifth Third, Bank, N.A. ("Fifth Third").[2]  In Count II of the Third-Party Complaint Arden seeks indemnification of its costs and expenses incurred in this action from Fifth Third under Section 10.2 of the Claims Trust Agreement ("Indemnification Claim").[3]

2.     On April 15, 2026, Arden served interrogatories and requests for production on Fifth Third.[4]  Those requests sought information concerning both the Liability Claims and the Indemnification Claim.[5]  A month later, Fifth Third served its responses and objections, stating it would not respond to eleven interrogatories and thirteen requests for production.[6]  Fifth Third objected to the "scope" of Arden's requests, insisting they "ha[d] no bearing on whether Arden is entitled to indemnification" and concerned Fifth Third's actions as trustee which are not "at issue in the underlying action."[7]

---

[1] Dkt. 1.

[2] Dkt. 19; Dkt. 38.  The Answer came after the Court deferred its ruling on Arden's Motion to Dismiss. Dkt. 37.

[3] Dkt. 38 at 62-63.

[4] Dkt. 98, Exs. A-B.

[5] *See, e.g.*, *Id.*, Ex. A ¶ 5 (asking Fifth Third to "[i]dentify all individuals who have received distributions from the Claims Trust."); Ex. B. ¶ 23 (requesting "[a]ll Documents and Communications regarding Arden's demand for advancement and indemnification under the Claims Trust.").

[6] *Id.*, Ex. C-D.

[7] *E.g.*, *id.*, Ex. C at 3, 8-9.

2

3. The parties met and conferred to try and resolve their discovery dispute.[8] At the meet and confer, "Fifth Third did not object to the proposed custodians and indicated that it would collect their emails," but the parties continued to disagree about the appropriate scope of discovery.[9] As one aspect of that dispute, Fifth Third initially agreed to provide Arden a hit report, but later changed its mind asserting that a hit report would be premature until the parties determine the scope of discovery.[10]

4. On May 28, 2026, Fifth Third informed Arden of its intent to move to stay the Indemnification Claim and requested a meet and confer.[11] The next day Arden moved to compel Fifth Third's response to the at-issue interrogatories and requests for production ("MTC").[12] On June 2, the parties met and conferred, but were again unable to resolve their dispute over the scope of discovery.[13] Importantly, Fifth Third agreed "to drop its burden objections and focus the Court solely on the issue of scope/relevance."[14]

5. On June 11, 2026, Fifth Third filed its opposition to the MTC and moved for a stay ("MTS," together with the MTC, "Motions").[15] The MTS requests a stay of

---

[8] *See id.*, Ex. E at 9-11 (including Arden's "proposed ESI protocol.").

[9] Dkt. 101 at 11; *see* Dkt. 98, Ex. E at 2-8.

[10] Dkt. 98, Ex. E. 1-5.

[11] Dkt. 101, Ex. 2 at 4.

[12] Dkt. 98.

[13] Dkt. 101, Ex. 2 at 1-3

[14] *Id.* at 1.

[15] Dkt. 101.

(1) the Indemnification Claim, and (2) all discovery directed towards Fifth Third.[16] The parties timely completed briefing on the Motions.[17]

NOW, THEREFORE, the Court having carefully considered the Motions, IT IS HEREBY ORDERED, this 15th day of July 2026, as follows:

1.     The first issue the Motions raise is whether the Court should stay the Indemnification Claim as unripe. The Court has discretion to stay a claim based on its "inherent power to manage its own docket."[18] Whether a claim is ripe is also "a discretionary determination" that asks the Court "to decline to exercise jurisdiction it otherwise possesses."[19]  Generally, a claim is "ripe if litigation sooner or later appears to be unavoidable and where the material facts are static" and unripe "where the claim is based on uncertain and contingent events that may not occur, or where future events may obviate the need for judicial intervention."[20]  Thus, "[a]n indemnification claim does not ripen until a loss triggering the indemnification obligation has been established."[21]  Accordingly, "[i]t is generally premature to consider indemnification prior to the final disposition of the underlying action."[22]

---

[16] *Id.* at 8-16.

[17] *See* Dkt. 106; Dkt. 108.

[18] *Paolino v. Mace Sec. Intern., Inc.*, 2009 WL 4652894, at *5 (Del. Ch. Dec. 8, 2009) (citations omitted).

[19] *Gandhi-Kapoor v. Hone Capital LLC*, 307 A.3d 328 (Del. Ch. 2023) (internal quotation marks omitted); *see Lima USA, Inc. v. Mahfouz*, 2021 WL 5774394 (Del. Super. Aug. 31, 2021) ("[O]ne bringing any given claim bears the burden of proving it is ripe.").

[20] *XL Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1217-18 (Del. 2014) (internal quotation marks omitted).

[21] *Firefighters' Pension Sys. of City of Kansas City v. Found. Bldg. Materials, Inc.*, 318 A.3d 1105, 1183 (Del. Ch. May 31, 2024).

[22] *Paolino*, 2009 WL 4652894, at *4.

2.       Applying that standard here shows that the Indemnification Claim is unripe. Arden seeks indemnification for its costs and expenses incurred in connection with the Liability Claims. Those claims are yet to be adjudicated such that the amount of Arden's indemnification request is uncertain. The parties agree that if Plaintiffs prevail on the Liability Claims Arden is not entitled to indemnification.[23] Because that outcome "would obviate the need for judicial intervention" the Indemnification Claim is unripe.[24] That conclusion does not require dismissing the Indemnification Claim, because the Liability Claims for which Arden seeks indemnification are also a part of this action.[25] Rather, that the Indemnification Claim is unripe supports staying that claim until the Court resolves the Liability Claims.[26] Thus, the Court exercises its discretion to stay the Indemnification Claim.

3.       The next question the Motions raise is whether to stay discovery concerning Fifth Third. Caselaw indicates that staying the Indemnification Claim to which Fifth Third is a party does not necessitate staying all discovery directed toward Fifth Third.[27] Instead, the Court independently evaluates whether discovery should be stayed in whole or in part.

---

[23] *See* Dkt. 101 at 10; Dkt. 106 at 14, n.36.

[24] *Lima*, 2021 WL 5774394, at *8 (internal quotation marks omitted).

[25] *See, e.g.*, *Daystar Const. Mgmt., Inc. v. Mitchell*, 2006 WL 2053649, at *10-11 (Del. Super. July 12, 2006).

[26] *See, e.g.*, *In re American Intern. Group, Inc.*, 965 A.2d 763, 802-03 (Del. Ch. 2009).

[27] *See, e.g.*, *Delaware Dept. of Transp. v. Amec E & I, Inc.*, 2012 WL 1409307, at *3 (Del. Super. Jan. 3, 2012); *Carlton Inv. v. TLC Beatrice Intern. Hldgs., Inc.*, 1996 WL 189435, at *2 (Del. Ch. Apr. 16, 1996); *Wallace v. Durwood*, 1993 WL 455307, at *4 (Del. Ch. Nov. 2, 1993).

5

4. Discovery under Court of Chancery Rule 26 is "broad and far-reaching."[28] Parties can "obtain discovery over any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery *or the claim or defense of any other party*."[29] Accordingly, discovery objections will generally "not be allowed unless there have been clear abuses of the process which would result in great and needless expense and time consumption."[30] Of course, "the scope of discovery . . . is not limitless."[31] Accordingly, "this Court 'may, in its discretion, grant a stay of discovery to protect a party from undue burden and expense.'"[32]

5. Applying that standard here shows that discovery concerning the Indemnification Claim should be stayed. The Court "will often grant a stay of discovery pending resolution of a potential dispositive motion."[33] That is because "avoiding unnecessary discovery is usually sufficient justification for a stay of discovery[.]"[34] As discussed, the Indemnification claim is not ripe, and the parties agree that resolution of the Liability Claims may obviate the need to address indemnification. Indeed, Arden stated it "has no issue with staying discovery into

---

[28] *In re Oxbow Carbon LLC*, 2017 WL 617496, at *1 (Del. Ch. Feb. 14, 2017).

[29] *Id.* (emphasis added) (internal quotation marks omitted).

[30] *Oxbow*, 2017 WL 617496, at *1.

[31] *Brown v. Matterport, Inc.*, 2023 WL 3830501, at *1 (Del. Ch. July 5, 2023).

[32] *Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*, 2018 WL 2338574, at *2 (Del. Ch. May 23, 2018) (quoting Ct. Ch. R. 26(c)); *see Deane v. Maginn*, 2021 WL 4097327, at *1 (Del. Ch. Sept. 8, 2021) ("[T]he moving party . . . bears the burden of showing that a stay is warranted.").

[33] *E.g.*, *TravelCenters of America LLC v. Brog*, 2008 WL 5101619, at *1 (Del. Ch. Nov. 21, 2008).

[34] *Barton v. Club Ventures Investments LLC*, 2013 WL 6797404, at *1 (Del. Ch. Dec. 23, 2013).

6

the scope of [its] defense costs, which cannot be ascertained until the conclusion of the underlying action."[35] Because the Indemnification Claim is stayed and resolution of the Liability Claim may make addressing indemnification unnecessary, the Court exercises its discretion to stay discovery concerning the Indemnification Claim.

6. Discovery concerning the Liability Claims is a different matter. Fifth Third has not carried its burden of showing that discovery concerning those claims – which are not subject to the stay – should be stayed. Fifth Third relies on the fact the actions at-issue in the Liability Claims occurred before it became trustee to argue (1) any relevant information will "be in the possession, custody, or control of parties or non-parties other than Fifth Third," and (2) "information about Fifth Third's current management of the Claims Trust has minimal (if any) relevance to the" Liability Claims.[36] Neither argument supports staying discovery directed towards Fifth Third concerning the Liability Claims.

7. First, that Arden seeks information from Fifth Third that may be available from others does not support staying discovery. Litigants may "submit[] the same [discovery] requests to different individuals . . . to test the truth, accuracy, and completeness of extant and forthcoming production."[37] It is true that the Court considers the burdens of production and need for information when evaluating a motion to stay discovery.[38] As such, it seems possible that in some circumstances

---

[35] Dkt. 106 at 17 (internal quotation marks omitted).

[36] Dkt. 106 at 14-15.

[37] *E.g.*, *Oxbow*, 2017 WL 617496 at *2

[38] *Motors Liquidation*, 2018 WL 2338574, at *3-4.

7

duplicative discovery could be so burdensome as to justify a stay. Here, however, Fifth Third agreed to waive any burden argument.[39] Moreover, Fifth Third has not shown that Arden's requested "discovery is in fact *fully duplicative* and [] meant to merely harass[.]"[40] Instead, Arden makes a plausible argument that certain information is easier to obtain from Fifth Third or uniquely within its possession.[41] Thus, the potential for some duplicative production does not support staying discovery directed toward Fifth Third concerning the Liability Claims.

8. Second, that "the 'prudent trustee' standard does not require a comparator" does not mean that information concerning Fifth Third's actions as trustee are irrelevant.[42] Relevance "must be viewed liberally," and discovery "should be permitted if there is any possibility that [it] will lead to relevant evidence."[43] Absent a privilege claim, "that the information sought will be inadmissible [or unused] at trial" does not justify denying discovery.[44] For example, a party may seek discovery of extrinsic evidence of a contract's meaning, even though the Court cannot rely on that evidence if the agreement is clear. Indeed, the 2019 amendment to Rule 26(b)(1) expressly clarified that "it is not ground for objection [to discovery] that the

---

[39] Dkt. 101, Ex. 2 at 1.

[40] *Id.*

[41] *See* Dkt. 106 at 13, 18-19. *See also Bonham v. HBW Hldgs., Inc.*, 2005 WL 2335464, at *2 (Del. Ch. Sept. 20, 2005) (holding a party "may defeat a motion to stay by showing that a stay would potentially increase the discovery work necessary for the parties to litigate their disputes.").

[42] Dkt. 108 at 5-6.

[43] *In re Côte d'Azur Estate Corporation*, 2022 WL 17574747, at *8 (Del. Ch. Dec. 12, 2022) ("The spirit of Rule 26(b) calls for all relevant information, however remote, to be brought out for inspection not only by the opposing party but also for the benefit of the Court.").

[44] *E.g., Principal Growth Strategies, LLC v. AGH Parent LLC*, 350 A.3d 712, 736 (Del. Ch. 2025).

information sought will be inadmissible at trial." [45] The comments to that amendment further stated that "[s]ubject to other considerations, such as privilege and proportionality, all relevant evidence is discoverable, whether or not it is admissible."[46] Accordingly, Fifth Third's argument that information concerning its management of the Claims Trust has minimal relevance does not support staying discovery concerning the Liability Claims.

9. Thus, the Court exercises its discretion to deny the MTS to the extent it seeks to stay discovery directed towards Fifth Third concerning the Liability Claims.

10. Finally, the Court must address the MTC. Fifth Third recognizes that the Court's denial of the motion to stay discovery concerning the Liability Claims requires "at least some discovery by Fifth Third."[47] Thus, the question is not whether to deny the MTC in toto, but whether the Court "should impose [] subject-matter limitations" on the scope of discovery as Fifth Third suggests.[48] Consistent with its discretion to manage its own docket, the Court may "delinat[e] the appropriate scope of discovery" by balancing the requesting party's need for the at-issue information with the burden of production.[49] Here, that balancing is made considerably easier by

---

[45] Ct. Ch. R. 26(b)(1). The official comments indicate that the 2019 amendment was designed to align this Court's rules with the federal standard, under which "relevant evidence is discoverable, even if it may not be admissible." Ch. Ct. R. 26(b)(1) cmt. Thus, the 2019 amendment "remove[d] the qualification about information appearing 'reasonably calculated to lead to the discovery of admissible evidence'" because that "phrase has been used by some, incorrectly, to define the scope of discovery." *Id.* (internal quotation marks omitted).

[46] *Id.*

[47] Dkt. 101 at 16-23.

[48] *Id.*

[49] *Brown*, 2023 WL 3830501, at *1.

Fifth Third's waiver of any argument that the requested discovery is overly burdensome.[50]

11. None of Adren's arguments support imposing a discovery limitation. Fifth Third argues that Arden's discovery request is overly broad because (1) its administration of the Claims Trust after Arden is not relevant; (2) it "is overwhelmingly unlikely to possess responsive documents from" the period "that preceded Fifth Third's tenure as trustee[;]" and (3) it is not a party to the Liability Claims.[51] The first two arguments fail in the MTC context for the reasons already discussed concerning the MTS. Adren advances a plausible argument that information concerning Fifth Third's actions as trustee are relevant under Delaware's permissive standard and Fifth Third's arguments to the contrary are not convincing. Further, the possibility that Fifth Third's lacks responsive documents or that its production would be duplicative does not support limiting discovery. That is especially true given that Fifth Third waived any burden argument and refused to provide a hit report – which could have substantiated its assertion that it lacks responsive documents.

12. Similarly, the third argument – that Arden's requested discovery is overbroad because Fifth Third is not a party to the Liability Claims – does not support limiting discovery. Rule 26(b) allows discovery of information "relevant to *any party's claim or defense*[.]"[52] Under the plain text of that rule, a party can seek relevant

---

[50] Dkt. 101, Ex. 2 at 1.

[51] Dkt. 101 at 18-23.

[52] Ct. Ch. R. 26(b)(1) (emphasis added).

information from any other party, for any claim or defense in the litigation, even if the producing party is not the subject of the specific claim at-issue.[53] Thus, that Fifth Third is not a party to the Liability Claims does not allow it to avoid discovery related thereto. Accordingly, the Court grants the MTC.

13. In sum, the Court concludes that Arden's Indemnification Claim asserted against Fifth Third should be stayed pending resolution of the Liability Claims. As a result, the Court stays discovery concerning the Indemnification Claim because resolution of the Liability Claims may obviate the need to address indemnification. Yet, discovery directed toward Fifth Third concerning the Liability Claims will proceed. Moreover, Fifth Third's arguments concerning the scope of Arden's discovery requests are not convincing. Accordingly, Fifth Third's motion to stay is granted in part, denied in part, and Arden's motion to compel is granted.

/s/ Nathan A. Cook
Vice Chancellor

---

[53] *See, e.g.*, *Bocock v. Innovate Corp.*, 2023 WL 8453525, at *2 (Del. Ch. Dec. 6, 2023).